UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEBRA PERRY                                                                                          PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:14-cv-00737-CRS

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY                                                                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to transfer this case to the Western District of Tennessee. The underlying matter involves a claim under ERISA for the denial of long term disability benefits. For the reasons below, the Court will grant Defendant's motion.

In ruling on a motion to transfer under 28 U.S.C. § 1404(a), the Court should consider: "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of interests of justice," *Moore v. Rohm & Haas Co.*, 446 F. 3d 643, 647 n.1 (6th Cir. 2006) (internal citation and quotation omitted). The Court considers: "(1) the location of willing and unwilling witnesses, (2) the residence of the parties, (3) the location of sources of proof, (4) the location of the events that gave rise to the dispute, (5) systemic integrity and fairness, and (6) the plaintiff's choice of forum in making this determination." *Powerscreen USA, LLC v. D & L Equip., Inc.*, No. CIV.A.3:07CV-433-S (W.D. Ky. July 28, 2008).

1

Plaintiff resides in Lexington, Tennessee, which is located in the Western District of Tennessee. Her treating physicians are located in Tennessee. Plaintiff's employer, which entered into the ERISA plan, is headquartered in Kansas, although Plaintiff worked in her employer's restaurant located in Lexington, Tennessee. The only alleged factual connection to Kentucky is that Defendant uses a third party vendor to manage a mail drop facility in the Commonwealth. Defendant has no employees at this facility.

While Plaintiff's counsel resides in the Commonwealth, this is insufficient to make Kentucky the more convenient forum. Although Plaintiff's forum selection is normally entitled to deference, she is not a resident of Kentucky, and this state has no substantial connection to this controversy. As Plaintiff does reside in the Western District of Tennessee and relevant events underlying the claim occurred in that district, the Court will transfer this action there.

The Court **GRANTS** Defendant's motion to transfer (DN 34). This action is **TRANSFERRED** to the United States District Court for the Western District of Tennessee.

**IT IS SO ORDERED**.

February 9, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**